## MRS. JOHN JACKSON v. THE STATE.

No. 3662.   Decided October 13, 1915.

Rehearing denied November 10, 1915.

**1.—Disorderly House—Information—Tenant—Lessee.**

In the sense the word tenant is used in the information, it is synonymous with lessee, and the court did not err in overruling a motion to quash.

**2.—Same—Husband and Wife—Tenant.**

Where, upon trial of keeping a disorderly house, the defendant contended that she was a married woman living with her husband, and that he, but not she, would be the tenant, but the record showed on appeal that she was the person who made the trade to rent the premises, under authority of the hus- band, there was no reversible error. Following Curry v. State, 24 S. W. Rep., 516.

**3.—Same—Evidence—Rebuttal—Other Offenses.**

Where, upon trial of keeping disorderly house, the defendant, to gain sympathy for herself, testified that she was mistreated by the officers when she was arrested as a vagrant, and induced to enter a plea of guilty, there was no error in permitting the State in rebuttal to permit the officers to explain the whole matter.

**4.—Same—Motion for New Trial—Bill of Exceptions—Assignments of Error.**

Where the bills of exception were filed after court had adjourned, and the motion for new trial did not specifically point out the errors complained of, there was no reversible error. Assignments of error filed long after the court had adjourned have no place in the record and will not be considered. Following Sue v. State, 52 Texas Crim. Rep., 122.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of keeping a disorderly house, the evidence sustained the conviction under a proper charge of the court, there was no reversible error.

Appeal from the County Court of Hunt. Tried below before the Hon. H. O. Norwood.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Spearman & Casey*, for appellant.—On question of admitting testimony of other offenses: Somerville v. State, 6 Texas Crim. App., 433; Crass v. State, 30 id., 480; Mason v. State, 31 Texas Crim. Rep., 306.

On question of husband and wife as tenants: Allen v. State, 15 Texas Crim. App., 320; Young v. State, 55 Texas Crim. Rep., 383.

On question of tenant and lessee: Smith v. State, 34 Texas, 612; Stringer v. State, 13 Texas Crim. App., 520; Cravey v. State, 36 Texas Crim. Rep., 90.

*C. C. McDonald*, Assistant Attorney General, for the State.—Cited cases in the opinion.

HARPER, Judge.—Appellant was convicted under an information charging that appellant "was a tenant of a house situate in Hunt County, Texas, and that she did then and there unlawfully keep, and was concerned in keeping, and knowingly permitted to be kept the said house for prostitution, and where prostitutes were permitted to resort and reside for the purpose of plying their vocation," etc.

Appellant moved to quash the information because it alleged she was a tenant, and did not allege that she was the "lessee" of the house. In the sense the word "tenant" is used in the information it is synonymous with lessee, and the court did not err in overruling the motion. Words and Phrases, vol. 8, p. 6904.

Appellant also contends that as she was a married woman, living with her husband, he would be the tenant and not she. In this particular instance the owner testifies that appellant was the person who made the trade with him for rent of the premises, and the person who paid him the rent. It is true the husband testifies he authorized his wife to make the rental contract, and furnished her the money to pay the rent. This question was decided adversely to appellant's contention by this court in Curry v. State, 24 S. W. Rep., 516, wherein it was held that either or both may be prosecuted and convicted.

Appellant took the stand and testified in her own behalf, and testified that when arrested by the city officials, being charged with being a vagrant, in that she was a common prostitute, she was mistreated by the officials, and especially the chief of police; that she was induced to enter a plea of guilty through misrepresentations and false promises, etc. Having herself injected all this matter into the case by her testimony, to create sympathy for herself, it was proper in rebuttal to permit the officers to explain the whole matter, and the bills complaining of the admissibility of this testimony present no error. The State was not bound to accept her statement in regard to her arrest, treatment, etc., and why she entered the plea of guilty. The record before us discloses that the State elicited none of this matter in making its case, and if we examine the record no further than the State's testimony in chief, we would not know that appellant had ever been arrested as a vagrant or that she had plead guilty of being a common prostitute. This testimony first appears in the record when she took the stand to

testify·in her own behalf. Under such circumstances the court was correct in holding that the testimony was admissible to contradict and impeach her.

The appellant's motion for a new trial was rather vague and indefinite. It first complains "that the court erred in his main charge to the jury, as shown by bills of exception Nos. 1 to 3; (2) because the court erred in refusing to give defendant's special charges Nos. 1 to 7, inclusive, and Nos. 10 and 11; (3) because the court erred in the admission and exclusion of testimony, as shown by bills of exception Nos. 4 to 60, inclusive; (3½) because the court erred in overruling defendant's motion to quash the information, and (4) because the verdict and judgment of the court are contrary to and not supported by the evidence." This is all of the motion for new trial. The motion was overruled March 5th, and the term of court at which appellant was tried adjourned April 24, 1915, and none of the bills of exception were filed until after court had adjourned, consequently on March 5th the court was given but little, if any, information as to the reasons why appellant thought she was entitled to a new trial. There are no sixty bills of exception in the record, nor quite half that many. In the motion for a new trial appellant should have specifically pointed out to the trial court the reasons why she thought she should be granted a new trial, otherwise the trial court is given no chance to correct its own errors, if any committed. Assignments of error, filed long after the term of court has adjourned, have no place in the record, and should not be copied therein. for under the law and rules governing this court we can not consider same. Sue v. State, 52 Texas Crim. Rep., 122.

While this record is in the shape above pointed out, yet we have carefully considered each bill of exceptions contained therein, and none of them present any error. The evidence offered in behalf of the State amply supports the verdict, and the special charges given at the request of appellant, and the main charge,·fully presented each and every issue in the case.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 10, 1915.—Reporter.]